# United States Court of Appeals
## For the Eighth Circuit
_____

No. 16-1174
_____

LaKeysia Wilson

*Plaintiff - Appellant*

v.          (4:15-cv-00466-SWW)

Arkansas Department of Human Services

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: September 20, 2016
Filed: March 1, 2017
_____

Before LOKEN, BEAM, and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.

The Arkansas Department of Human Services (DHS) terminated Lakeysia Y. Wilson, an African-American female, as a program supervisor. She sued DHS alleging disparate treatment on account of race, and retaliation in violation of Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3(a). The district court dismissed both claims. Having jurisdiction under 28 U.S.C. § 1291, this court affirms in part and reverses in part.

I.

In June 2011, Wilson was hired as a field investigator at DHS. In 2013, DHS terminated another African-American field investigator, Sharon Meeks, for violating DHS policy. Meeks filed a discrimination charge with the Equal Employment Opportunity Commission and an internal grievance with DHS. A State Appeal Panel ordered her reinstated. After DHS said there were no available positions, Meeks applied for an open program-supervisor position in the Division of Aging and Adult Services.

Patricia Robins, Wilson's Caucasian supervisor, led the investigation resulting in Meeks's termination. Robins urged Wilson to apply for the same open program-supervisor position that Meeks applied for. Wilson says that Robins urged her to apply because Robins "was determined to thwart the efforts of Mrs. Meeks." Wilson and Meeks were the only applicants interviewed. In March 2014, Wilson got the job—a promotion to program supervisor. DHS then re-hired Meeks in Wilson's old position, but fired her three months later.

Shortly before and shortly after her promotion, Wilson received positive performance evaluations. She alleges that after Meeks was fired, Robins began to unfairly criticize her work performance. On June 30, Robins gave Wilson a choice between demotion or termination, but then stripped her of supervisory duties on July 2.

Wilson filed a charge of discrimination with the EEOC on September 8, 2014, alleging harassment based on race and disability. Three weeks later, Wilson was placed on a Performance Improvement Plan (PIP). The next week, she received a written warning for work that a Caucasian female employee did not accomplish. Wilson was terminated on October 22, six weeks after filing the EEOC charge. The next day, Wilson filed a second EEOC charge alleging that between September 9 and

-2-

October 22, she "was disciplined and discharged in retaliation for filing a previous charge and because of my race."

Wilson sued DHS alleging disparate treatment, retaliation, and harassment. The district court dismissed the harassment claim as time-barred, and the disparate treatment and retaliation claims for failure to state a claim. Wilson appeals the dismissal of her disparate treatment and retaliation claims.

## II.

Wilson argues that the district court erred in dismissing her claim for disparate treatment "on account of her race, when she was disciplined for something that a Caucasian female employee did not accomplish." A plaintiff can often avoid summary judgment with evidence showing instances of dissimilar discipline. *See, e.g.*, ***Harvey v. Anheuser-Busch, Inc.***, 38 F.3d 968, 972 (8th Cir. 1994).

The district court concluded that Wilson did not state a plausible claim for disparate treatment because "a written warning does not constitute an adverse employment action." *See **Singletary v. Mo. Dep't of Corr.***, 423 F.3d 886 (8th Cir. 2005) (holding that placement on administrative leave pending a disciplinary investigation was not adverse employment action where the plaintiff maintained the same pay, grade, and benefits). *See also **Boss v. Castro***, 816 F.3d 910, 918 (7th Cir. 2016) ("[P]lacement on a PIP . . . is simply not materially adverse in the discrimination context."). But Wilson's disparate treatment claim suffers from a more serious defect: not alleging disparate treatment. Wilson's claim of discipline "for something that a Caucasian female employee did not accomplish" does not allege that the Caucasian employee was not disciplined or received less discipline. Without an allegation of disparate treatment, this claim fails.

## III.

Appellate Case: 16-1174   Page: 3   Date Filed: 03/01/2017 Entry ID: 4506670

Wilson argues that the district court erred in dismissing the retaliation claim. This court reviews de novo the grant of a motion to dismiss. ***Dunbar v. Wells Fargo Bank, N.A.***, 709 F.3d 1254, 1256 (8th Cir. 2013).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009), *quoting* ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570 (2007).  A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Blomker v. Jewell***, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted).  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," or "more than a mere possibility of misconduct." ***Iqbal***, 556 U.S. at 678-79.  "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." ***Braden v. Wal-Mart Stores, Inc.***, 588 F.3d 585, 594 (8th Cir. 2009) (citation omitted).

For a prima facie case, Wilson must show:  "(1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and (3) a causal connection exists between the two." ***Wells v. SCI Mgmt., L.P.***, 469 F.3d 697, 702 (8th Cir. 2006).

"[I]t is not appropriate to require a plaintiff to plead facts establishing a prima facie case" under *McDonnell Douglas*. ***Swierkiewicz v. Sorema N.A.***, 534 U.S. 506, 511 (2002) (holding that an employment discrimination complaint need not contain specific facts establishing a prima facie case under *McDonnell Douglas*).  "The plaintiff's burden at the prima facie case stage of the analysis is not onerous." ***Wallace v. DTG Operations, Inc.***, 442 F.3d 1112, 1119 (8th Cir. 2006) (citation omitted), *abrogated on other grounds by* ***Torgerson v. City of Rochester***, 643 F.3d 1031, 1058 (8th Cir. 2006) (en banc).  *See* ***Littlejohn v. City of New York***, 795 F.3d 297, 309, 316 (2d Cir. 2015) (emphasis in original) (explaining that "the allegations

-4-

in the complaint need only give plausible support to the reduced prima facie requirements that arise under *McDonnell Douglas*," which in turn "reduces the facts needed to be *pleaded* under *Iqbal*").

Here, Wilson sufficiently pled the first two elements of the prima facie case: protected conduct by filing the EEOC complaint, and an adverse employment action by being fired. The issue is the causal connection between the filing and the firing.

A plaintiff must allege but-for causation. ***Shirrell v. St. Francis Med. Ctr.***, 793 F.3d 881, 888 (8th Cir. 2015) (holding that *McDonnell Douglas* cases are subject to the but-for causation standard set forth in *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013))*. Compare **EEOC v. Ford Motor Co.**, 782 F.3d 753, 770 (6th Cir. 2016) (en banc) (holding that to establish a prima facie case for retaliation under *McDonnell Douglas*, *Nassar* requires a showing of but-for causation), *with **Foster v. Univ. of Maryland-Eastern Shore**, 787 F.3d 243, 248-52 (4th Cir. 2015) (observing the circuit split and holding that under *McDonnell Douglas*, "*Nassar* does not alter the causation prong of a prima facie case of retaliation").

The dissenting opinion emphasizes the Supreme Court's point that the but-for standard prevents financial and reputational costs for blameless employers. *See **Nassar***, 133 S. Ct. at 2531-32. The Court's hypothetical—quoted by the dissenting opinion—focuses this concern at the summary judgment stage. *See **id.*** at 2532 (emphasis added) ("Even if the employer could escape judgment after trial, the lessened causation standard would make it far more difficult to dismiss dubious claims *at the summary judgment stage*."). *See also **Clark Cty. Sch. Dist. v. Breeden***, 532 U.S. 268, 273 (2001) (per curiam) (affirming summary judgment for the employer after discussing potential negative effects of contrived retaliation claims).

Under the "simplified notice pleading standard" that governs *McDonnell Douglas* retaliation claims, summary judgment motions—not motions to dismiss—should dispose of most unmeritorious claims. *See **Swierkiewicz***, 534 U.S.

at 512 (emphasis added) ("This simplified notice pleading standard relies on liberal discovery rules and *summary judgment motions* to define disputed facts and issues and to dispose of unmeritorious claims."); *id.* at 512-13 (quotation omitted) ("The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court."); *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam) (citing *Swierkiewicz* approvingly).

Wilson alleges she was a "victim of . . . retaliation, after having complained about discrimination based on race, when she was . . . ultimately terminated." Construed most favorably to her, and viewing the complaint as a whole, the phrase "victim of . . . retaliation, after having complained" alleges but-for causation. In terms of the factual allegations, Wilson emphasizes the six-week span between her EEOC charge and termination. Even at summary judgment, "[a] plaintiff can establish a causal connection between his complaints and an adverse action through circumstantial evidence, such as the timing of the two events." *Turner v. Gonzales*, 421 F.3d 688, 696-97 (8th Cir. 2005). *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013) ("[T]he but-for causation standard does not alter the plaintiff's ability to demonstrate causation at the prima facie stage on summary judgment or at trial indirectly through temporal proximity."). As the First Circuit says, "We do not rule out that some pleadings may allege a temporal gap so attenuated as not to meet the plausibility standard for surviving motions to dismiss, but this case is a far cry from that." *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 25 (1st Cir. 2014) (five-month interval). *Accord Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 92 (2d Cir. 2015) (two-month interval). *Cf. Breeden*, 532 U.S. at 273-74 (observing that three-month and four-month periods are insufficient evidence of causality). On the allegations here, the six-week period between the EEOC charge and the termination plausibly alleges a but-for causal connection.

-6-

This court considers "whether there are lawful, 'obvious alternative explanation[s]' for the alleged conduct" that would render Wilson's complaint implausible. ***McDonough v. Anoka Cty.***, 799 F.3d 931, 946 (8th Cir. 2015), *quoting **Iqbal***, 556 U.S. at 682. "Not every potential lawful explanation for the defendant's conduct renders the plaintiff's theory implausible. . . . [A] defendant is not entitled to dismissal if the facts are merely consistent with lawful conduct." ***Braden***, 588 F.3d at 597. "If the alternative explanations are not sufficiently convincing, however, the complaint states a plausible claim for relief, because ferreting out the most likely reason for the defendants' actions is not appropriate at the pleadings stage." ***McDonough***, 799 F.3d at 946 (citation omitted). "Requiring a plaintiff to rule out every possible lawful explanation for the conduct he challenges . . . would impose the sort of probability requirement at the pleading stage which *Iqbal* and *Twombly* explicitly reject." ***Braden***, 588 F.3d at 597 (quotation omitted).

Here, the factual allegations consistent with an alternative explanation that Wilson was fired for poor job performance are: 1) In June, Robins criticized Wilson's work performance and gave her the option of demotion or termination; 2) On September 30, Wilson was placed on a PIP; and, 3) In her second EEOC charge, attached to the complaint, Wilson wrote, "I was told that I was discharged for performance and for getting a second warning during a performance improvement period."

These facts are not an *obvious* alternative explanation. *Cf. **Iqbal***, 556 U.S. at 682 (finding that "disparate, incidental impact on Arab Muslims" from the 9/11 investigation was an "obvious alternative explanation" to allegations that the government discriminated based on race or religion). The supervisor's criticism of Wilson is not an "obvious alternative explanation" to Wilson's complaint because there is no explanation why Wilson was criticized. *See **Blomker***, 831 F.3d at 1060-61 (dismissing the complaint where an eight-page detailed attachment showed plaintiff was fired because of a years-long disciplinary history that included unwelcome

-7-

physical contact with a supervisor, inappropriate language in the workplace, and failure to follow e-mail protocol).  To construe Wilson's placement on a PIP as an allegation of poor performance, and not as part of the retaliation, would "invert the principle that the complaint is construed most favorably to the nonmoving party." *See Braden*, 588 F.3d at 597 (citation omitted).

The quoted sentence from Wilson's second EEOC charge restating DHS's reason for her firing is unlike the detailed factual allegations in *Blomker*.  *See Blomker*, 831 F.3d at 1060-61.  An employee's one-sentence restatement of the employer's basis for termination is not an "obvious alternative explanation" to a retaliation charge.  Here, "the complaint states a plausible claim for relief, because ferreting out the most likely reason for the defendants' actions is not appropriate at the pleadings stage." *McDonough*, 799 F.3d at 946.  Without a detailed explanation why DHS terminated Wilson, DHS's alternative explanation is not "sufficiently convincing." *See id*.  *See also Blomker*, 831 F.3d at 1060-61; *Braden*, 588 F.3d at 597 (explaining *Iqbal* and *Twombly* "explicitly reject" a "probability requirement at the pleading stage" that plaintiff rule out "every possible lawful explanation").

While the factual allegations here may be consistent with termination for poor performance, they are not an "obvious alternative explanation" that render Wilson's claim implausible.  Wilson's claim "permit[s] the court to infer more than the mere possibility of misconduct." *See Iqbal*, 556 U.S. at 679.

The district court erred in dismissing the retaliation claim.

\* \* \* \* \* \* \*

The judgment is affirmed in part, reversed as to the retaliation claim, and remanded for proceedings consistent with this opinion.

-8-

LOKEN, Circuit Judge, concurring in part and dissenting in part.

I concur in the decision to affirm dismissal of LaKeysia Wilson's disparate treatment claim.  I respectfully dissent from the decision to reverse dismissal of her retaliation claim.  In my view, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and <u>University of Texas Southwestern Medical Center v. Nassar</u>, 133 S. Ct. 2517 (2013), properly read, require that the district court be affirmed.

In reviewing the retaliation claim, there are three basic principles we must apply.  First, Wilson did not need to plead a prima facie case, which is an evidentiary rather than a pleading standard, to survive DHS's Rule 12(b)(6) motion to dismiss.  <u>See</u> <u>Blomker v. Jewell</u>, 831 F.3d 1051, 1056 (8th Cir. 2016), citing <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 512 (2002).  Second, "to survive a motion to dismiss, [an employment discrimination] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." <u>Iqbal</u>, 556 U.S. at 678, quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Blomker</u>, 831 F.3d at 1055 (quotation omitted).  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 556 U.S. at 678.  Third, "Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . .  This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." <u>Nassar</u>, 133 S. Ct. at 2533.

Wilson's complaint alleged she was "the victim of discrimination and retaliation, after having complained about discrimination based on race, when she was issued written warnings, placed on a PIP, and ultimately terminated."  As the court acknowledges, the only fact allegation in the complaint even hinting that unlawful retaliation was the but-for cause of the alleged adverse employment actions was the

-9-

temporal proximity -- six-weeks -- between Wilson filing her first, time-barred complaint of unlawful harassment and her ultimate termination. (The allegation that she was a victim of retaliation is "conclusory and not entitled to be assumed true," Iqbal, 556 U.S. at 681.) Temporal proximity is invariably relevant in determining whether a retaliation plaintiff has sufficiently *proved* but-for causation, either in resisting summary judgment, or at trial. This appeal raises a different question, when is an allegation of temporal proximity, without more, sufficient to *plead* a plausible claim of retaliation.

"Generally . . . a temporal connection alone is not sufficient to establish a causal connection." Turner v. Gonzales, 421 F.3d 688, 697 (8th Cir. 2005); see Kipp v. Mo. Highway & Transp. Comm'n, 280 F.3d 893, 897 (8th Cir. 2002). The Fifth Circuit has stated this principle more categorically. See Strong v. Univ. Healthcare Sys., L.L.C., 482 F.3d 802, 808 (5th Cir. 2007) ("[W]e affirmatively reject the notion that temporal proximity standing alone can be sufficient proof of but-for causation."). The Supreme Court has observed that "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (per curiam) (citations omitted). But these cases were not decided on the pleadings. Because temporal proximity is a relevant but not determining factor in establishing the presence or absence of but-for causation, and because plausibility is a context-specific inquiry, a district court must be wary of dismissing a retaliation complaint on the ground that the element of but-for causation cannot be plausibly inferred because the complaint pleaded temporal proximity that was not "very close."

Here, the court completes its Rule 12(b)(6) analysis of the issue in two steps: (1) "the six-week period between the EEOC charge and the termination plausibly alleges a but-for causal connection," which of course simply assumes the issue being

-10-

decided; and (2) the other fact allegations in the complaint do not provide the "obvious alternative explanation" the Supreme Court referred to in Iqbal, 556 U.S. at 682.  But the Supreme Court referred to an "obvious alternative explanation" in Iqbal when discussing the specific allegations in the Iqbal and Twombly complaints. Highlighting this passage permits the court to avoid properly applying the *holding* in Iqbal:  "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'"   556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).  That is a pleading, not a summary judgment, standard.

Review of the chronology of events set forth in Wilson's complaint leads me to conclude she alleged no more than the "mere possibility" that unlawful retaliation was the but-for cause of her termination.  Wilson alleged she was:

-- Promoted to program supervisor in March 2014.

-- Unfairly criticized, given the choice of demotion or termination on June 30, then stripped of supervisory duties on July 2.

-- Filed her initial, time-barred EEOC charge on September 8.

-- Placed on a PIP on September 30.

-- Given a written warning for work that a Caucasian female employee did not accomplish on October 7.

-- Terminated on October 22.

-- Filed the EEOC charge here at issue on October 23, in which she alleged, "I was told that I was  discharged for performance . . . ."

This scenario provides a far more likely -- indeed "obvious" -- alternative explanation of DHS's actions, namely, that DHS was following a regularized process of

-11-

progressive discipline, begun before Wilson filed her initial charge with the EEOC, that led to her discharge when her performance did not improve. This sequence rather precisely parallels a hypothetical the Supreme Court posed in Nassar, 133 S. Ct. at 2532, in explaining why the traditional but-for causation standard applies to Title VII retaliation claims:

> Consider in this regard the case of an employee who knows that he or she is about to be fired for poor performance, given a lower pay grade, or even just transferred to a different assignment or location. To forestall that lawful action, he or she might be tempted to make an unfounded charge of racial, sexual, or religious discrimination; then, when the unrelated employment action comes, the employee could allege that it is retaliation. . . . Even if the employer could escape judgment after trial, the lessened causation standard would make it far more difficult to dismiss dubious claims at the summary judgment stage. . . . It would be inconsistent with the structure and operation of Title VII to so raise the costs, both financial and reputational, on an employer whose actions were not in fact the result of any discriminatory or retaliatory intent.

Nassar was not the first time the Supreme Court has made this point: "Employers need not suspend previously planned transfers [or discipline] upon discovering that a Title VII suit has been filed, and their proceeding along lines previously contemplated, though not definitively determined, is no evidence whatever of causality." Breeden, 532 U.S. at 272. True, both Breeden and Nassar were decided at the summary judgment stage, but their teaching must, in my view, be taken into account in deciding a Rule 12(b)(6) motion under the pleading standard defined in Iqbal. I read Iqbal and Nassar together as instructing lower courts to stop letting contrived retaliation claims hijack or delay legitimate employer performance decisions. I dissent from the court's decision not to follow this controlling authority.

Accordingly, I would affirm the judgment of the district court.

_____

-12-

# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

March 01, 2017

Mr. Austin Porter Jr.
Suite 1035
323 Center Street
Little Rock, AR  72201-0000

     RE:  16-1174  LeKeysia Wilson v. Arkansas Dept. of Human Svcs.

Dear Counsel:

     The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

     Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                    Michael E. Gans
                    Clerk of Court

JMM

Enclosure(s)

cc:   Mr. Nader G. Afsordeh
      Ms. Amanda Land
      Mr. Jim McCormack

     District Court/Agency Case Number(s):   4:15-cv-00466-SWW

# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

March 01, 2017

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

        RE:  16-1174  LeKeysia Wilson v. Arkansas Dept. of Human Svcs.

Dear Sirs:

        A published opinion was filed today in the above case.

        Counsel who presented argument and appeared on the brief on behalf of the appellant was Austin Porter, Jr., of Little Rock, AR.

        Counsel who presented argument and appeared on the brief on behalf of the appellee was Amanda Land, of Little Rock, AR.

        The judge who heard the case in the district court was Honorable Susan Webber Wright. The judgment of the district court was entered on December 15, 2015.

        If you have any questions concerning this case, please call this office.

                                        Michael E. Gans
                                        Clerk of Court

JMM

Enclosure(s)

cc:  MO Lawyers Weekly

        District Court/Agency Case Number(s):   4:15-cv-00466-SWW

 **16-1174 LeKeysia Wilson v. Arkansas Dept. of Human Svcs. "Signed Opinion Filed" (4:15-cv-00466-SWW)**
ca08ml_cmecf_Notify   to:                                    03/01/2017 08:10 AM

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### Eighth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was filed on 03/01/2017

| | |
|---|---|
| **Case Name:** | LeKeysia Wilson v. Arkansas Dept. of Human Svcs. |
| **Case Number:** | 16-1174 |
| **Document(s):** | Document(s) |

**Docket Text:**
OPINION FILED - THE COURT: James B. Loken, C. Arlen Beam and Duane Benton
AUTHORING JUDGE:Duane Benton (PUBLISHED),
CONCUR AND DISSENT BY: JAMES B. LOKEN [4506670] [16-1174] (Jeanette McKee)

**Notice will be electronically mailed to:**

Mr. Nader G. Afsordeh: Nader.Afsordeh@dhs.arkansas.gov,
Camille.Edmison-Wilhelmi@dhs.arkansas.gov
Ms. Amanda Land: amanda.land@dhs.arkansas.gov
Mr. Jim McCormack, Clerk of Court: ared_appeals@ared.uscourts.gov
Mr. Austin Porter, Jr.: Aporte5640@aol.com
MO Lawyers Weekly: stephanie.maniscalco@molawyersmedia.com
West Publishing: us08@westdcs.west.thomson.com


The following document(s) are associated with this transaction:
**Document Description:** opinion
**Original Filename:** 161174P.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=03/01/2017] [FileNumber=4506670-0]
[23c36300f71b5c3f070c948d105bb40ab80c969001eaf570c0f30fe8c34dae2d266c4b64b17d053d
198a1f55c3e0aebff0010f408f91865abfabe82a310418c6]]

**Document Description:** Counsel Opinion Letter
**Original Filename:**
/opt/ACECF/live/forms/JeanetteMcKee_161174_4506670_CounselOpinionLetters_285.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=03/01/2017] [FileNumber=4506670-1]
[919a038d6396b6467987fe3834396ebe52475f685317d36f8e1e7beb6dcf2dff5c27cb46e26e7c3e
8a53405776185b8a793bc90ce698aaa0dcc708a7dddb6485]]
**Recipients:**
- Mr. Nader G. Afsordeh
- Ms. Amanda Land
- Mr. Jim McCormack, Clerk of Court
- Mr. Austin Porter, Jr.

**Document Description:** Letter To Publishing
**Original Filename:**
/opt/ACECF/live/forms/JeanetteMcKee_161174_4506670_LettersToPublishing_284.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=03/01/2017] [FileNumber=4506670-2]
[3e797c742a0aa5e9ab521f275bccdcbf3c5b9e9e99a3c37c157876c434d879210539fcd018229fbe
c07308acfe6bb3f72be89be256224526be80e33747b8a0cb]]
**Recipients:**
- MO Lawyers Weekly
- West Publishing

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 4506670
**RELIEF(S) DOCKETED:**
   for publication
   Concur and Dissent
**DOCKET PART(S) ADDED:** 5750110, 5750111, 5750112, 5750113